**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.:  1:21-cv-20715**

JONPAUL MARCEL NADEAU,

       Plaintiff,

v.

HARDING REALTY, INC. AND MARTA
WASERSTEIN,

       Defendants.

_____

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
(INJUNCTIVE RELIEF DEMANDED)

Plaintiff JONPAUL MARCEL NADEAU by and through his undersigned counsel,

brings this Complaint against Defendants HARDING REALTY, INC. AND MARTA

WASERSTEIN for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1.     Plaintiff JONPAUL MARCEL NADEAU ("Nadeau") brings this action for

violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute

Nadeau's original copyrighted Works of authorship in his Works.  Nadeau licenses his

copyrighted Works, such as the ones in this case, to real estate associates and brokerages for use

in connection with promoting real estate listings.

2.     Nadeau is the owner and principal photographer of Aremac Photography, located

in South Florida. Nadeau specializes in high quality interior and exterior photography, aerial

footage, short HD films, and floor plans. He provides a detailed and customized finished product

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

to every client. Nadeau has over 7 years experience working in the industry, and working alongside his mentor, he now expands his horizons to 3D tours and film.

3.      Defendant Harding Realty, Inc. ("Harding") is a licensed real estate corporation and broker.

4.      Defendant MARTA WASERSTEIN ("Waserstein") is a real estate associate licensed in the state of Florida, who is the owner and an employee under the brokerage of Harding.

5.      Harding and Waserstein  are collectively referred to herein as "Defendants."

6.      Nadeau alleges that Defendants obtained Nadeau's copyrighted Works from the internet or prior listings for other properties on multiple listing services of which Defendants are members in order to carry out their activities as a professional real estate agent and broker. Defendants copied Nadeau's copyrighted Works from the internet or prior real estate listings without Nadeau's permission.  The prior real estate listings that Defendants may have used to copy Nadeau's copyrighted Works are available to all professional licensed real estate associates and brokers who are members of the multiple listing service where the photos were posted, and they are also available publicly on the internet.

7.      Defendants distributed Nadeau's copyrighted Works also without Nadeau's permission, such as through real estate listings on multiple listing services. Defendants committed the violations alleged by copying and distributing Nadeau's copyrighted Works in connection with Defendants' real estate listing posted on one or more multiple listing services for purposes of advertising and promoting public real estate listings in the course and scope of Defendants' professional real estate businesses.

8.     Defendant Harding, the broker for Waserstein appears as listing broker on the real estate listing where Waserstein committed the violations of Nadeau's exclusive rights under the copyright act.

9.     Defendant Harding is liable for the infringement by Waserstein because a Florida real estate broker is liable for the torts of its agents, even if those agents are treated as "independent contractors."

10.     A person licensed as a real estate sales associate may not operate as a sales associate without a broker that is registered as her or his employer. Fla. Stat. § 475.42(1)(B). Moreover, the "terms "employ," "employment," "employer," and "employee," when used to describe the relationship between a broker like Harding and Waserstein include an independent contractor relationship when such relationship is intended by and established between a broker (Harding) and a sales associate (Waserstein) and furthermore the existence of an independent contractor relationship shall not relieve the broker (Harding) of its duties, obligations, or responsibilities, which include being responsible for the offences of Waserstein. Fla. Stat., § 475.01(2).

11.     As a result, even if Harding designates its agents as "independent contractors," Waserstein is an "employee" under the Florida Real Estate Code and the common law of principal/agent in Florida, Harding is vicariously liable for its agents' acts committed in connection with and in furtherance of Harding's real estate brokerage business.

12.     Nadeau's Works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

## JURISDICTION AND VENUE

13.     This is an action arising under the Copyright Act, 17 U.S.C. § 501.

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

14.     This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

15.     Defendants are subject to personal jurisdiction in Florida.

16.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, Defendants reside in this district, and Defendants are subject to personal jurisdiction in this district.

**DEFENDANTS**

17.     Harding Realty, Inc. is a Florida Corporation with its principal place of business at 9473 Harding Avenue, Surfside, FL 33154, and can be served by serving its Registered Agent, Ms. Anita Bigelman, 9473 Harding Avenue, Surfside, FL 33154

18.     Marta Waserstein is a Florida licensed real estate sales broker, License Number BK129079, who resides in Miami-Dade County, Florida, and can be served at 9473 Harding Avenue, Surfside, FL 33154.

**THE COPYRIGHTED WORKS AT ISSUE**

19.     In 2018, Nadeau created a series of images entitled "Brickell 10," five of which are the subject of this lawsuit (DJI_0016, DSC_4039, DSC_4949, DSC_4971 and DSC_4939 – hereinafter referred to as the "Works"), and one of which is shown below.   Copies of the Works are attached hereto as Exhibit 1.



20.     Nadeau registered the Works with the Register of Copyrights on April 16, 2020 and was assigned the Registration Number VA 2-204-287.  A copy of the Registration is attached hereto as Exhibit 2.

21.     At the time Nadeau created the Works, Nadeau applied copyright management information to the Works consisting of the words "AREMAC PHOTOGRAPHY" to either the top left or the bottom left corners of the Works.

22.     Nadeau's Works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

23.     At all relevant times Nadeau was the owner of the copyrighted Works at issue in this case.

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

## INFRINGEMENT BY DEFENDANTS

24.     The Defendants have never been licensed to use the Works at issue in this action for any purpose.

25.     On a date after the Works at issue in this action were created, but prior to the filing of this action, Defendants copied, displayed, or distributed the Works or made derivative works from the Works.

26.     Defendants copied Nadeau's copyrighted Works from prior listings for other properties on multiple listing services of which Defendants are members, obtained the Works from the internet, or from other real estate associates.

27.     After Defendants copied the Works, they made further copies and distributed the Works on, inter alia, one or more multiple listing services or the internet to promote the sale of the property depicted in the Works or similar properties as part of their professional real estate businesses.

28.     Defendants copied and distributed Nadeau's copyrighted Works in connection with their real estate listing posted on one or more multiple listing services or the internet for purposes of advertising and promoting public real estate listings in the course and scope of Defendants' professional real estate businesses, and in the course and scope of rendering professional real estate services as associates and brokers.

29.     Defendants committed copyright infringement of the Works as evidenced by the documents attached hereto as Exhibit 3.

30.     In connection with their infringement of the Works at issue in this action, Defendants removed copyright management information from the Works as evidenced by the documents attached hereto as Exhibit 3.

31.     Nadeau never gave the Defendants permission or authority to copy, distribute or display the Works at issue in this case, or create derivative works or the Works.

32.     Nadeau notified the Defendants of the allegations set forth herein on August 27, 2020.  To date, the parties have failed to resolve this matter.  Copies of the Notices to Defendants are attached hereto as Exhibit 4

33.     Nadeau never gave the Defendants permission or authority to remove copyright management information from the Works at issue in this case.

<u>**COUNT I**</u>
**COPYRIGHT INFRINGEMENT BY WASERSTEIN**

34.     Plaintiff incorporates the allegations of paragraphs 1 through 33 of this Complaint as if more fully set forth herein.

35.     Nadeau owns valid copyrights in the Works at issue in this case.

36.     Nadeau registered the Works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

37.     Waserstein copied, displayed, and distributed the Works at issue in this case and made derivatives of the Works without Nadeau's authorization in violation of 17 U.S.C. § 501.

38.     Waserstein performed the acts alleged in the course and scope of their business activities.

39.     Waserstein's acts were willful.

40.     Nadeau has been damaged.

41.     The harm caused to Nadeau has been irreparable.

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

## COUNT II
## VICARIOUS COPYRIGHT INFRINGEMENT BY HARDING

42.     Plaintiff incorporates the allegations of paragraphs 1 through 33 of this Complaint as if more fully set forth herein.

43.     Nadeau owns valid copyrights in the Works at issue in this case.

44.     Nadeau registered the Works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

45.     Harding copied, displayed and distributed the Works at issue in this case and made derivatives of the Works without Nadeau's authorization in violation of 17 U.S.C. § 501.

46.     Harding had the right and ability to supervise the infringing activities of Waserstein alleged herein.

47.     Harding had a direct financial interest in the infringing activities alleged herein.

48.     As a result of Harding's vicarious infringement as alleged above, Harding obtained direct and indirect profits it would otherwise not have realized but for its infringement of the Works.

49.     Harding has continued to copy, display, and distribute the Works at issue with knowledge that such acts violate Nadeau's intellectual property rights.

## COUNT III
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

50.     Plaintiff incorporates the allegations of paragraphs 1 through 33 of this Complaint as if fully set forth herein.

51.     The Works at issue in this case contain copyright management information ("CMI").

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

52.     Defendants knowingly and with the intent to enable or facilitate copyright infringement, removed CMI from the Works at issue in this action in violation of 17 U.S.C. § 1202(b).

53.     Defendants committed these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Nadeau's rights in the Works at issue in this action protected under the Copyright Act.

54.     Defendants caused, directed and authorized others to commit these acts knowing or having reasonable grounds to know that they will induce, enable, facilitate or conceal infringement of Nadeau's rights in the Works at issue in this action protected under the Copyright Act.

55.     Defendants' acts were willful.

56.     Nadeau has been damaged.

57.     The harm caused to Nadeau has been irreparable.

WHEREFORE, the Plaintiff prays or judgment against the Defendants Harding Realty, Inc. and Marta Waserstein that:

a.      Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501, 1203;

b.      Defendants be required to pay Plaintiff his actual damages and Defendants profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. §§ 504, 1203;

c.      Plaintiff be awarded its attorneys' fees and costs of suit under the applicable statutes sued upon; and

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

d.      Plaintiff be awarded such other and further relief as the Court deems just and

proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: February 22, 2021                    Respectfully submitted,


                                            */s/Joel B. Rothman*
                                            JOEL B. ROTHMAN
                                            Florida Bar Number 98220
                                            joel.rothman@sriplaw.com
                                            CRAIG A. WIRTH
                                            Florida Bar Number:  125322
                                            craig.wirth@sriplaw.com
                                            MEIR TEITELBAUM
                                            Florida Bar Number:  1022915
                                            meir.teitelbaum@sriplaw.com

                                            **SRIPLAW**
                                            21301 Powerline Road
                                            Suite 100
                                            Boca Raton, FL  33433
                                            561.404.4350 – Telephone
                                            561.404.4353 – Facsimile

                                            *Attorneys for Plaintiff JonPaul Marcel Nadeau*